[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 3183
This is an appeal from the same amendment to the Stratford Zoning Regulations which was considered in Park City Realty v. Stratford Zoning Commission, No. CV93-0307625S. The Commission has enacted a new set of affordable housing development regulations as 5.4 of the regulations. This amendment applies to all residential zones, the limited business zone, and one commercial zone. The regulation change affects no specific property but allows as an additional use affordable housing within these zones.
The appellant owns three contiguous parcels of land in the RS-4 zone: 936 Judson Place, 958 Judson Place and 2278 Stratford Avenue. The three parcels combined contain only 66,000 square feet or about 1 1/2 acres. The minimum lot area to develop affordable housing is 120,000 square feet. The plaintiff claims that he is aggrieved by the decision of the Commission because it deprives him of his ability to develop his property for affordable housing for the elderly. There is no claim of statutory aggrievement in the appeal or the plaintiff's brief.
The plaintiff has not proven aggrievement for the same reasons as the appellants in Park City Realty v. Stratford Zoning Commission, supra. Section 5.4 of the zoning regulations is a general amendment which applies to 90% of the town, so the plaintiff's interest is not different from the interest of many other property owners in the town. The new regulations also do not specially and injuriously affect the plaintiff's property, because they create a new, optional use for the property (if the regulations are complied with and a special case is obtained). The property does not meet the minimum lot size and other provisions in 5.4.3. In addition, the amendment to the regulations does not detract from or eliminate other potential uses under the existing zoning regulations. The plaintiff still has the option to develop his property under the existing apartment zone regulations in 5.3 and some of the units can be proposed for elderly housing. He claims that 50 units of housing can be obtained by development under 5.3. Even if the minimum lot area and other development standards in 5.4.3 of the affordable housing regulations are ignored, the maximum number of affordable housing units allowed for a 66,000 square foot parcel in the RS-4 zone would be seven. In short, the enactment of the new regulations does not adversely affect any existing legally protected interest of the plaintiff to use or develop his property. CT Page 3184
The plaintiff may have standing to appeal an application directly related to his property, but the two part test for classical aggrievement has not been met to appeal the commission's proposal and decision, making a general amendment to the zoning regulations. The situation here is comparable the status of the appellant in Park City Realty v. Stratford Zoning Commission, supra, which is incorporated by reference into this decision.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE